# United States District Court
## Eastern District of Michigan

| United States of America | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| GHAZI MANNI | Case Number: 14CR20749-1 |
| | USM Number: 14353-039 |
| | Henry M. Schrag |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ Pleaded guilty to count(s) **Count 1 of the Information**.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 7 U.S.C. 2004, 7 U.S.C. 2024(b)(1) | Government Program Fraud, $5,000.00 or More. | June 30, 2011 | 1 |

The defendant is sentenced as provided in pages **2 through 9** of this judgment. This sentence is imposed pursuant to the Sentencing Reform Act of 1984

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

JUNE 16, 2015
Date of Imposition of Judgment

s/Mark A Goldsmith
United States District Judge

JUNE 22, 2015
Date Signed

DEFENDANT:  GHAZI MANNI
CASE NUMBER:  14CR20749-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **70 months. The Court hereby orders Docket Numbers 14-CR-20749; 09-CR-20192; 09-CR-20193 to run concurrent with one another and with any discharged term of custody on Docket Number 13-CR-20224.**

**Defendant shall be given credit for time served since July 3, 2013.**

**The Court waives the cost of incarceration, due to the defendant's lack of financial resources.**

☐   **See next page for recommendations.**

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____ a
_____, with a certified copy of this judgment.


_____
United States Marshal

_____
Deputy United States Marshal

DEFENDANT:  GHAZI MANNI
CASE NUMBER:  14CR20749-1

## ADDITIONAL IMPRISONMENT TERMS

None

## ADDITIONAL RECOMMENDATIONS

While in custody, the defendant shall participate in the Inmate Financial Responsibility Program (IFRP). The Court is aware of the requirements of the IFRP and approves the payment schedules of this program and hereby orders the defendants compliance.

It is recommended that the defendant be designated to an institution with a comprehensive drug treatment program.

DEFENDANT: GHAZI MANNI
CASE NUMBER: 14CR20749-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **3 years to run concurrent with Docket Numbers 13-CR-20224; 09-CR-20192; 09-CR-20193. The Court waives the cost of supervision, due to the defendant's lack of financial resources.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Revocation of supervised release is mandatory for possession of a controlled substance.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

**1)** the defendant shall not leave the judicial district without the permission of the court or probation officer;

**2)** the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

**3)** the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

**4)** the defendant shall support his or her dependents and meet other family responsibilities;

**5)** the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

**6)** the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

**7)** the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

**8)** the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**9)** the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

**10)** the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

**11)** the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**12)** the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**13)** as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

**14)** the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Revocation of supervised release is mandatory for possession of a firearm.

DEFENDANT:  GHAZI MANNI
CASE NUMBER:  14CR20749-1

## SPECIAL CONDITIONS OF SUPERVISION

■ The defendant shall make monthly payments on any remaining balance of the:**restitution**, **fine**, **special assessment** at a rate and schedule recommended by the Probation Department and approved by the Court.

■ The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

■ The defendant shall provide the probation officer access to any requested financial information.

■ The defendant shall participate in a program approved by the Probation Department for substance abuse which program may include testing to determine if the defendant has reverted to the use of drugs or alcohol.  ■ If necessary.

DEFENDANT: GHAZI MANNI
CASE NUMBER: 14CR20749-1

# CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 100.00 | $ 0.00 | $ 700,000.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| United States Department of Argiculture / Food and Nutrition Services | $700,000.00 | $700,000.00 | |
| Lockbox 9027, PO Box 979027 | | | |
| St. Louis, Missouri, 63197-9000 | | | |
| Re. Ghanzi Manni; 14-CR-20749 | | | |
| **TOTALS:** | $ 700,000.00 | $ 700,000.00 | |

Restitution amount ordered pursuant to plea agreement **$700,000.00**

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

**the interest requirement is waived for the restitution**

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: GHAZI MANNI
CASE NUMBER: 14CR20749-1

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The Court waives the imposition of a fine, the costs of incarceration and the costs of supervision due to the defendant's lack of financial resources.

DEFENDANT: GHAZI MANNI
CASE NUMBER: 14CR20749-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
[A] Lump sum payment of **$100.00** due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, while in custody, the defendant shall participate in the Inmate Financial Responsibility Program. The Court is aware of the requirements of the program and approves of the payment schedule of this program and hereby orders the defendant's compliance. All criminal monetary penalty payments are to be made to the Clerk of the Court, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall forfeit the defendant's interest in the following property to the United States:

    **See detail list attached.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:  GHAZI MANNI
CASE NUMBER:  14CR20749-1

## ADDITIONAL FORFEITED PROPERTY

The court imposes a forfeiture money judgment against the defendant in favor of the United States of America in the amount of Seven Hundred Thousand Dollars ($700,000).  The forfeiture money judgment is payable to the "United States Department of the Treasury."